UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Donkey Docks L. L. C.,
a Minnesota Limited Liability Company,

        Plaintiff,

v.

Donkey Docks Barge,
Service & Powersports, LLC,
a Wisconsin Limited Liability Company,

        Defendant.

Court File No.: _____

**COMPLAINT**

---

Plaintiff Donkey Docks, L. L. C. ("Plaintiff" or "Donkey Docks"), for its complaint against Defendant Donkey Docks Barge, Service & Powersports, LLC ("Defendant"), through counsel, states and alleges:

## NATURE OF THE ACTION

1. This is an action for trademark violations and related claims based on Defendant's use of Plaintiff's federally-registered trademark DONKEY DOC as the salient element of Defendant's business name "Donkey Docks Barge, Service & Powersports, LLC."

2. Plaintiff asserts claims for false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims of trademark infringement under common law and violations of Minnesota's and Wisconsin's statutory laws, all arising from the Defendant's unauthorized use of Plaintiff's DONKEY DOCKS mark in

connection with marketing, advertising, promotion, offering for sale, and sales of Defendant's services or products.

3. Plaintiff has been forced to initiate this action, after numerous, repeated efforts and demands to Defendant to cease and desist Defendant's infringing uses of Plaintiff's federally-registered mark have been defiantly ignored and willfully rejected, by Defendant to protect Plaintiff's substantial goodwill developed over years of using its DONKEY DOCKS mark to identify itself as the source of high-quality dock and lakefront services.

4. The goodwill and reputation for quality which Plaintiff has worked so hard to cultivate is being threatened by Defendant's actions. Defendant has willfully used and continues to use Plaintiff's registered mark DONKEY DOCKS as part of Defendant's name and marketing efforts, which is confusingly similar to Plaintiff's superior use of its DONKEY DOCKS mark, to provide virtually identical services within the field of dock and lakefront services. Unless Defendant is enjoined from such use, its willfully infringing and unauthorized use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

## PARTIES

5. Plaintiff Donkey Docks L. L. C. is a limited liability company organized and existing under the laws of the State of Minnesota, with its principal place of business in Minnesota.

6. Defendant Donkey Docks Barge, Service & Powersports, LLC is a Wisconsin

limited liability company with its principal place of business in Wisconsin.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331, 1338(a), 1338(b), and 1367(a) and under 15 U.S.C. sections 1117 and 1125(a) because this action involves federal question claims arising under the Lanham Act.

8. This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. section 1367(a).

9. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed its activities toward the State of Minnesota and its residents by advertising, offering for sale, and selling goods or services which infringe Plaintiff's trademark within this district, such as, *inter alia*, at the Minneapolis Boat Show, a trade show held in Minneapolis, Minnesota. Defendant's actions have caused harm to Plaintiff, a Minnesota-based LLC, within the State of Minnesota, and Defendant should reasonably anticipate being hauled into court in this state.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including, *inter alia*, the infringing activities at the Minneapolis Boat Show in Minneapolis, Minnesota.

## PLAINTIFF AND ITS MARK

11. Plaintiff Donkey Docks is the owner of the service mark DONKEY DOCKS (hereinafter the "Mark").

12. Donkey Docks and its predecessor companies first used the Mark in commerce on or about Spring 2000.

3

13. Plaintiff registered its current business entity with the Minnesota Secretary of State as Donkey Docks L. L. C. on March 23, 2012, under the laws of Minnesota.

14. Plaintiff Donkey Docks operates a dock and lakefront services business, including the installation and sale of boat docking systems and boat maintenance supplies both in a retail storefront and online (the "Plaintiff's Services").

15. Donkey Docks has built a reputation among consumers as a high-quality docking and lakefront services business by providing the Plaintiff's Services.

16. Before Defendant's adoption of its business name Donkey Docks Barge, Service & Power Sports, LLC on August 8, 2023, Plaintiff had common-law trademark rights in DONKEY DOCKS as an exclusive source identifier for Plaintiff's dock and lakefront services.

17. Plaintiff has continuously used DONKEY DOCKS as its distinctive service mark in connection with the advertising, promotion, offering for sale, and sale of dock and lakefront services continuously since at least March 23, 2012.

18. The mark DONKEY DOCKS is inherently distinctive as a suggestive trademark hinting at, but not describing, Plaintiff's dock and lakefront services.

19. Brand recognition by consumers is a substantial part of Plaintiff's dock and lakefront services business.

20. Because consumers purchase services like Plaintiff's Services infrequently, they rely heavily on brand recognition of service providers with good reputations as a crucial part of selecting such services.

4

21. Plaintiff offers its services through a registered website domain https://www.donkeydocks.com, on which it displays the Mark in connection with Plaintiff's Services.

22. Plaintiff also maintains social media accounts using the Mark in connection with Plaintiff's Services.

23. On February 12, 2024, Plaintiff Donkey Docks applied to register its Mark with the United States Patent and Trademark Office ("USPTO"), application serial number 98401697.

24. Plaintiff's registration was granted by the USPTO on December 17, 2024, with a registration number of 7609195. A true and correct copy of Plaintiff's Certificate of Registration of the DONKEY DOCKS Mark is attached as **Exhibit A**.

## DEFENDANT'S INFRINGING MARK

25. Defendant Donkey Docks Barge, Service & Powersports, LLC also provides dock and lakefront services, similar to Plaintiff's services.

26. Defendant has only recently begun offering its services using the mark Donkey Docks Barge, Service & Powersports ("Infringing Mark").

27. Defendant has recently begun offering services in the same geographic area as Plaintiff, including the seven-county metro area surrounding Minneapolis and St. Paul, Minnesota.

28. Defendant has attended and advertised its services for the purpose of soliciting customers at the Minneapolis Boat Show.

29. Defendant's services are competitive with and often identical to, Plaintiff's Services.

30. Plaintiff and Defendant are competitors in business.

31. Defendant markets its goods and services in the same channels of trade as Plaintiff Donkey Docks.

32. Defendant displays the Infringing Mark on advertising materials, trucks, t-shirts, sweatshirts and other consumer-facing displays and products advertising Defendant's services and products.

33. Defendant has registered a website domain name which incorporates Plaintiff's DONKEY DOCKS Mark, using a URL very similar to Defendant's Infringing Mark – https://donkeydocksbargeservice.odoo.com.

34. Defendant uses the Infringing Mark in connection with social media accounts, including but not limited to Defendant's Facebook profile.

35. Plaintiff's use of the Mark in commerce predates Defendant's use of the Infringing Mark by over 20 years.

36. Counsel for Plaintiff sent Defendant a letter on December 12, 2023, stating that Defendant was and is infringing Plaintiff's DONKEY DOCKS Mark and informed Defendant of customer confusion that was caused by Defendant's use of Plaintiff's Mark in Defendant's business name.

37. Rather than cease the infringing and misleading use of Plaintiff's DONKEY DOCKS Mark, Defendant instead applied for a Wisconsin trademark registration, in which Defendant admitted its date of first use of the Infringing Mark in commerce was August 8, 2023. The registration date for Defendant's Wisconsin state registration of its Infringing Mark is January 19, 2024.

38. On January 22, 2024, Plaintiff again contacted Defendant to address the trademark infringement. During the call, Defendant admitted to knowing about Plaintiff's name and business, but stated an intention to continue using the Infringing Mark. Defendant further indicated plans to continue attending boat shows in Minnesota, despite being aware of the harm caused to Plaintiff.

39. On April 17, 2024, counsel for Plaintiff sent Defendant a cease-and-desist letter, stating that Defendant was infringing Plaintiff's DONKEY DOCKS Mark. Defendant failed or refused to heed this warning and cease its infringement of Plaintiff's Mark.

40. On December 6, 2024, Plaintiff's counsel sent a final cease-and-desist letter to Defendant, demanding that Defendant immediately cease all use of the infringing mark and resolve the matter amicably to avoid litigation. The letter outlined the nature of the infringement, the harm caused to Plaintiff, and Plaintiff's intent to pursue legal remedies if Defendant failed to comply.

41. This cease-and-desist letter provided Defendant with a final opportunity to resolve the dispute without court intervention. Despite this warning, Defendant again ignored Plaintiff's demands and failed to respond or take any corrective action.

42. Defendant's use of the Infringing Mark is intentional.

43. Defendant's use of the Infringing Mark is willful.

44. Defendant's repeated refusal to engage in good faith efforts to address the infringement demonstrates a willful disregard for Plaintiff's trademark rights and necessitates this litigation.

## INCREASING INSTANCES OF ACTUAL CONFUSION

45. Defendant's Infringing Mark is substantially similar to Plaintiff's Mark.

46. Defendant's use of the Infringing Mark is likely to cause confusion and, in multiple instances, has caused confusion among consumers.

47. Defendant is aware of the actual confusion among consumers by its use of the Infringing Mark.

48. Plaintiff has received multiple calls from individuals due to confusion between Plaintiff's Mark and Defendant's Infringing Mark.

49. Plaintiff has received emails from individuals inquiring about services related to advertising materials they had seen with Defendant's Infringing Mark.

50. These instances of actual confusion demonstrate that consumers are being misled into believing there is an association between Plaintiff and Defendant or that Defendant is the source of Plaintiff's goods or services.

51. Defendant's use of its Infringing Mark for dock and lakefront services and other related services has caused, and is likely to continue to cause, consumer confusion, mistake, or deception as to the source, sponsorship, or endorsement of its goods, services, and commercial activities.

52. Defendant's conduct has caused irreparable injury to Plaintiff Donkey Docks's reputation and goodwill, for which Plaintiff has no adequate remedy at law.

53. Defendant's acts and use of Plaintiff's DONKEY DOCKS Mark have caused and likely will continue causing confusion, mistake, or deception amongst consumers, infringing Plaintiff's trademark rights in violation of Section 32(1) of the Lanham Act, 15

U.S.C. § 1114(1), and in violation of related state statutes and Plaintiff Donkey Dock's common law rights.

## COUNT I

### Federal Unfair Competition – 15 U.S.C. sec. 1125(a)

54. Plaintiff restates and realleges the paragraphs above, as if fully set forth herein.

55. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, goods or both.

56. Defendant's unauthorized use in commerce of the Infringing Mark is likely to cause consumers to mistakenly believe that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is affiliated with or sponsored by Plaintiff.

57. Plaintiff's Mark and the Infringing Mark carry the same commercial impression due to similarity of sight, sound, and meaning.

58. Upon information and belief, Defendant's services or goods that are marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are highly similar to the services and goods Plaintiff provides to its customers.

59. Plaintiff and Defendant share the same consumer base of individuals needing dock and lakefront services.

60. Plaintiff and Defendant promote their respective services under their respective marks through the same and overlapping trade channels.

61. Both parties promote their services and goods using online channels, increasing the risk of customers seeking Plaintiff or Defendant online misunderstanding the source, sponsorship, or affiliation of the parties' respective services or goods.

62. There have been multiple known instances of actual confusion by consumers between Plaintiff and Defendant, as the result of the confusing similarity between Plaintiff's Mark and the Infringing Mark.

63. Upon information and belief, Defendant was aware of Plaintiff's prior use of the DONKEY DOCKS Mark and Plaintiff's trademark rights, yet Defendant has been deliberately disregarding Plaintiff's rights.

64. Plaintiff made Defendant aware of its rights as early as December 12, 2023, when Plaintiff sent Defendant a cease-and-desist letter asking Defendant to discontinue its use of the Infringing Mark. By failing to stop using the Infringing Mark, Defendant continues to willfully infringe Plaintiff's trademark rights.

65. Defendant's infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's services and goods, and have deceived and are likely to continue deceiving the relevant consuming public into believing, mistakenly, that Defendant's services and goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

66. Defendant's conduct as alleged herein is causing immediate and irreparable harm to Plaintiff and its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public. Unless enjoined by this court, Plaintiff has no adequate remedy at law.

67. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, disgorgement of Defendant's profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

68. Plaintiff is further entitled to enhanced damages and profits due to Defendant's willful infringement.

## COUNT II

## Common-Law Trademark Infringement

69. Plaintiff restates and realleges the paragraphs above, as if fully set forth herein.

70. Plaintiff has common law rights in its DONKEY DOCKS Mark, which is recognized by the public as a source identifier for Plaintiff's dock and lakefront services as the result of Plaintiff's consistent Internet presence and advertising efforts.

71. Plaintiff acquired common law rights in its DONKEY DOCKS Mark prior to Defendant starting its confusing, deceptive and unlawful activities described herein.

72. Defendant was and is using the Infringing Mark in connection with advertising and offering its own dock and lakefront services or goods which are highly similar to Plaintiff's services and goods.

73. Plaintiff's DONKEY DOCKS Mark and Defendant's business name, Donkey Docks Barge, Service & Powersports, LLC are confusingly similar in sight, sound, and meaning.

74. Defendant's use of the Infringing Mark in the State of Minnesota and surrounding regions is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's services and goods to the detriment of Plaintiff.

75. Defendant's wrongful activities in the State of Minnesota and surrounding regions have caused Plaintiff irreparable injury. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendant will continue and expand those activities and causes continued and irreparable injury of Plaintiff. Plaintiff's belief is bolstered by Defendant's refusal to discontinue use of the Infringing Mark after Plaintiff's reasonable and repeated requests.

76. Unless enjoined, Defendant's ongoing infringement will impair the distinctiveness of the Plaintiff's Mark and injury to Plaintiff's reputation which cannot be completely remedied through damages, as Plaintiff has no complete or adequate remedy at law. Plaintiff is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendant and its agents, employees, and all persons acting, with, or on their behalf, from using in commerce the Infringing Mark or any colorable imitation of Plaintiff's Mark.

77. Plaintiff is also entitled to recover (i) Defendant's profits, (ii) Plaintiff's ascertainable damages, and (iii) Plaintiff's costs of suit.

## COUNT III

### Minnesota Common Law Unfair Competition

78. Plaintiff restates and realleges the paragraphs above, as if fully set forth herein.

79. Plaintiff alleges violation of Minnesota common law unfair competition.

80. Defendant's actions constitute unfair competition under Minnesota common law by intentionally and unlawfully using a trade name or mark that is confusingly similar to Plaintiff's, thereby misappropriating Plaintiff's goodwill and creating a likelihood of confusion among consumers.

81. Defendant's conduct, including attending the Minneapolis Boat Show while engaging in commerce using its Infringing Mark, has caused consumer confusion and harm to Plaintiff's business, reputation, and standing in the marketplace.

82. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer damages.

83. Plaintiff seeks all remedies available under Minnesota common law for unfair competition, including injunctive relief, damages, and any other relief the Court deems just and proper.

## COUNT IV

### Violation of Minnesota's Deceptive Trade Practices Act– Minn. Stat. § 325D.44

84. Plaintiff restates and realleges the paragraphs above, as if fully set forth herein.

85. Defendant has engaged in deceptive trade practices by using a mark confusingly similar to Plaintiff's Mark, which misleads consumers and damages Plaintiff's goodwill and reputation.

86. Defendant's conduct was and is willful.

87. As a result of Defendant's deceptive trade practices, Plaintiff has suffered and will continue to suffer irreparable harm, including confusion in the marketplace and loss of business opportunities.

88. Pursuant to Minn. Stat. § 325D.45, Plaintiff seeks injunctive relief, attorneys' fees, and any other relief the Court deems just and proper.

## COUNT V

**Violation of Wisconsin Trademark Statutes– Wis. Stat. §§ 132.011-.033**

89. Plaintiff restates and realleges the paragraphs above, as if fully set forth herein.

90. Defendant's acts as alleged above have violated Wisconsin Statutes §§ 132.001-.033, which cause Defendant to be liable to Plaintiff for its actual damages, up to three times Plaintiff's actual damages, Plaintiff's attorneys' fees and cancellation of Defendant's fraudulently-filed for and obtained Wisconsin state trademark registration, among other severe penalties.

91. Defendant violated Wis. Stat. § 132.032, which states in pertinent part: "Any person who, for himself . . . or on behalf of any other . . . association . . . procures the filing and recording of any mark by making any false or fraudulent representations or declarations, verbally or in writing, or by any other fraudulent means is liable for any

damages sustained as a result of that action, to be recovered by or on behalf of the injured party, and shall be imprisoned for not more than 6 months or fined not more than $10,000 or both."

92. Defendant, through its principal Shane Willson, knowingly and without authorization, filed for a Wisconsin state trademark in violation of Wis. Stat. § 132.032, which is identical or confusingly similar to Plaintiff's Mark. The Registration ID number for Defendant's unlawful filing is 20240095329.

93. Defendant's actions were willful and intentional, as Defendant was previously aware of Plaintiff's business and DONKEY DOCKS Mark when Defendant improperly and illegally filed for the Wisconsin state mark, misrepresenting to that state office Defendant's prior knowledge of Plaintiff's Mark, unlawfully seeking to secure false and fraudulent "rights" to continue using Defendants Infringing Mark in violation of Plaintiff's federal and superior rights.

94. Defendant's violations of Wis. Stat. §§ 132.001-.033 have caused and continue to cause harm to Plaintiff's business, reputation, and goodwill, for which Plaintiff may seek any damages it incurs related to Defendant's violation of these Wisconsin statutes, including its actual damages up to three times Defendant's profits, attorneys' fees and costs, injunctive relief and other statutorily-allowed relief.

95. Pursuant to Wis. Stat. §§ 132.001-.033, Plaintiff seeks all remedies available under the statutes, including but not limited to its actual damages up to three times Defendant's profits, injunctive relief, cancellation of Defendant's fraudulently secured state registration and any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial in this action on all issues and claims triable of right by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and an order of this Court as follows:

1. Entering judgment that Plaintiff owns valid and enforceable common-law trademark rights in the mark DONKEY DOCKS as a source identifier for Plaintiff's marketing of goods and dock and lakefront services;

2. Entering judgment that Defendant's unauthorized use of the entirety of Plaintiff's federally-registered DONKEY DOCKS Mark as a part of Defendant's name, Donkey Docks Barge, Service & Powersports, LLC and the Donkey Docks Barge, Service & Powersports Infringing Mark, in connection with dock and lakefront services and goods constitutes federal unfair competition in violation of 15 U.S.C. section 1125(a);

3. Entering judgment that Defendant's unauthorized use of the entirety of Plaintiff's federally-registered DONKEY DOCKS Mark as a part of Defendant's name, Donkey Docks Barge, Service & Powersports, LLC and the Donkey Docks Barge, Service & Powersports Infringing Mark, in connection with dock and lakefront services and goods constitutes trademark infringement under common law;

4. Entering judgment that Defendant's fraudulent representations and unauthorized filing of their Wisconsin state trademark application for DONKEY DOCKS BARGE, SERVICE & POWERSPORTS, in connection with dock and lakefront services and goods constitutes a knowing and willful violation of Wis. Stat. § 132.032;

5. Permanently enjoining and restraining Defendant, along with its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them, from using the term DONKEY DOCKS—alone or combined with other words or symbols—as a service mark, trade name component, or otherwise, to market, advertise, distribute, or identify Defendant's products or services;

6. Entering an Order requiring Defendant to immediately discontinue using the domain name https://donkeydocksbargeservice.odoo.com, and to cancel the registration of it;

7. Under 15 U.S.C. section 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant complied with the injunction;

8. Under 15 U.S.C. section 1118, requiring Defendant and all others acting under Defendant's authority, at their cost, to deliver to this Court or destroy all devices, literature, advertising, labels, and other material in their possession bearing the Infringing Mark;

9. Awarding Plaintiff all damages sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest under 15 U.S.C. section 1117;

10. Cancelling Defendant's Wisconsin state trademark registration and awarding Plaintiff all damages sustained as the result of Defendant's fraudulent filing of

their trademark under Wis. Stat. § 132.032, and further awarding any and all damages available to Plaintiff or against Defendant pursuant to Wis. Stat. §§ 132.001 through 132.033;

11. Awarding treble actual damages and profits under 15 U.S.C. section 1117(b) because Defendant's conduct was willful within the meaning of the Lanham Act;

12. Awarding Plaintiff all damages sustained as a result of Defendant's acts in violation of Minn. Stat. § 325D.44, including attorneys' fees, costs, and expenses incurred in bringing this action, and any relief available under Minn. Stat. § 325D.45, including injunctive relief and such other relief as the Court deems just and proper;

13. Awarding Plaintiff its attorneys' fees and costs under 15 U.S.C. § 1117(a), as Defendant's acts and conduct were fraudulent, deliberate, malicious or willful, making them particularly egregious and causing this to be an exceptional case; and

14. Granting Plaintiff additional, other or further relief as the Court deems proper.

Dated:  January 24, 2025                THE SPENCE LAW FIRM

*/s/ Russell M. Spence, Jr.*
Russell M. Spence, Jr.  Reg. No. 241052
Jonathan P. Sime Reg. No. 0505724 (*federal admission pending*)
80 South 8th Street, Suite 900
Minneapolis, MN  55402
Phone:  612.337.9007
Email:  spence@spence.law
Email:  sime@spence.law

**ATTORNEYS FOR PLAINTIFF**